IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL LUCKETT,      ) | |
|                      ) | |
|     Plaintiff,      ) | |
|                      ) | |
| vs.                  ) | CIVIL NO. 06-397-WDS |
|                      ) | |
| MARVIN F. POWERS, TERRY ) | |
| CALIPER, LAURA QUALLS, MARILYN ) | |
| MELTON, MARY HILL and WEXFORD ) | |
| HEALTH SERVICES,     ) | |
|                      ) | |
|     Defendants.     ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

    Plaintiff, an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The facts giving rise to this action are relatively simple.

    Prior to his incarceration, Plaintiff suffered a gun shot wound in his back that led to some disability with walking. After he entered custody by the Illinois Department of Corrections at Menard, a doctor prescribed a brace for his right foot. A year later, Plaintiff was transferred to Tamms, where his foot brace was confiscated. For several years, Plaintiff complained to Defendants Powers and Caliper about the pain in his leg, but those complaints went unanswered. On June 5, 2005, when rising from the barber shop chair while handcuffed, Plaintiff fell straight forward onto his face while his ankles were still encased in shackles. From that day forward, as more fully detailed in the complaint, Plaintiff sought medical treatment for his injuries and pain from Defendants Powers, Caliper, Qualls, Melton and Hill. He alleges that each, in turn, provided little

or no medical treatment, other than sparsely dispensed pain medication.  He further alleges that each of these Defendants falsified medical reports to downplay the severity of his injuries and to overstate the treatment provided to him.  His first claim in this action is against these five individual defendants – Powers, Caliper, Qualls, Melton and Hill – for deliberate indifference to his serious medical needs.

> A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).  A deliberate indifference claim premised upon inadequate medical treatment requires, to satisfy the objective element, a medical condition "that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention."  *Greeno*, 414 F.3d at 653.  The subjective component of a deliberate indifference claim requires that the prison official knew of "a substantial risk of harm to the inmate and disregarded the risk."  *Id.*; *Farmer*, 511 U.S. at 834. Mere medical malpractice or a disagreement with a doctor's medical judgment is not deliberate indifference.  *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Greeno*, 414 F.3d at 653; *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261 (7th Cir. 1996).  Still, a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference if a fact finder could infer the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition.  *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (citation omitted).

*Edwards v. Snyder*, — F.3d — , 2007 WL 675506 (7th Cir. 2007).  Applying these standards to the allegations in the complaint, the Court is unable to dismiss Plaintiff's Eighth Amendment claim at this point in the litigation.  *See* 28 U.S.C. § 1915A.

Plaintiff's second claim – against Powers and Wexford Health Services – is for medical malpractice under Illinois state law.  Because this claim is closely related to Plaintiff's Eighth Amendment claims regarding this incident, the Court will exercise supplemental jurisdiction over this related state law claim.  *See* 28 U.S.C. § 1367(c)(3).

**MOTION TO BE EXCUSED (DOC. 3)**

In this motion, Plaintiff asks to be excused from limiting his complaint to just a few pages, explaining that he needs more space to fully detail his claims against each of the six named defendants.  This motion is **GRANTED**.

**MOTION FOR PRELIMINARY INJUNCTION (DOC. 4)**

In this motion, Plaintiff seeks an order directing Defendants to provide him with proper medical care.  In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction.  *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Given that Defendants are now being served with the complaint and have not had an opportunity to respond to either the complaint or this motion, the Court finds that injunctive relief is not warranted at this time.  Accordingly, the instant motion is **DENIED** without prejudice.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for defendants **MARVIN F. POWERS, TERRY CALIPER, LAURA QUALLS, MARILYN MELTON, MARY HILL** and **WEXFORD HEALTH SERVICES** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **SIX**

**(6)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendants **MARVIN F. POWERS, TERRY CALIPER, LAURA QUALLS, MARILYN MELTON, MARY HILL** and **WEXFORD HEALTH SERVICES**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendants **MARVIN F. POWERS, TERRY CALIPER, LAURA QUALLS, MARILYN MELTON, MARY HILL** and **WEXFORD HEALTH SERVICES** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.  Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the

court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED:  March 26, 2007.**

                              **s/ WILLIAM D.  STIEHL**
                                **DISTRICT JUDGE**