### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARNELL LUCKETT,** | ) |
| **Plaintiff,** | ) |
| vs. | ) Civil Case No.   06-397-WDS-PMF |
| **MARVIN F. POWERS, et al.,** | ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is a motion to dismiss filed by defendants Powers, Qualls, Melton, and Wexford Health Sources, Inc. (Wexford) (Doc. No. 17).  These parties target Count II, which asserts a medical malpractice claim under Illinois state law against defendants Powers and Wexford. Dismissal is requested under Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on plaintiff's failure to attach an affidavit and report of merit.  The defendants note that the attachment is a substantive part of plaintiff's medical malpractice claim.  Plaintiff opposes dismissal on the basis that he is confined at Tamms Correctional Center and is unable to make arrangements to have his physical condition evaluated by an outside physician.

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  A motion filed under Rule 12(b)(6) should be granted if the plaintiff is unable to raise a claim above the speculation level by articulating "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___(2007)(abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).

In considering whether a pleading states a claim for relief, the Court accepts all of the allegations as true and construes the allegations in the light most favorable to the plaintiff. Section 2-622 of the Illinois Code governs the form for "any action . . . in which the plaintiff seeks damages for injuries or death by reason of medical, hospital or other healing art malpractice." 735 ILCS 5/2-622. Under that statute, a medical malpractice claim must be supported by an affidavit from a health professional certifying that the medical record and other relevant material has been reviewed and that the health professional found "a reasonable and meritorious cause" for the litigation. Failure to file the affidavit is grounds for dismissal. 735 ILCS § 5/2-622. This substantive provision of state law applies to claims brought in federal court. *Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000).

Plaintiff argues that he cannot see an outside physician without first obtaining permission from the defendants. Because permission will not be granted, he feels compliance is impossible. The statute does not require a clinical evaluation by an independent health professional – only a determination based on review of existing medical records and other relevant materials. Plaintiff has access to his medical records and can supplement those records with accurate descriptions of his disability, symptoms, and treatment. While he is proceeding *pro se*, representation by an attorney is not necessary to secure an affidavit. In short, the Court is not persuaded that plaintiff is unable to comply with the statute. However, the Court is also unpersuaded that dismissal with prejudice is warranted by these circumstances. Plaintiff should receive an opportunity to amend in order to correct the error.

IT IS RECOMMENDED that defendants' motion (Doc. No. 17) be GRANTED in part and declared MOOT in part. With respect to defendants Powers and Wexford, the motion should be granted as follows. Count II should be dismissed without prejudice and with leave to file an Amended Complaint and certificate of merit within 60 days. Because Count II seeks no relief from defendant Qualls or defendant Melton, their motion is moot.

**SUBMITTED: August 2, 2007.**

                                              *s/Philip M. Frazier*
                                              **PHILIP M. FRAZIER**
                                              **UNITED STATES MAGISTRATE JUDGE**