# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARNELL LUCKETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Case No. 06-397-WDS-PMF |
| ) | |
| MARVIN F. POWERS, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions to dismiss and for summary judgment (Doc. Nos. 36, 41, 45). Plaintiff's responses were due within 30 days. Extensions of time were requested and allowed; however, responsive briefs were not filed after plaintiff was advised that the absence of a response would be construed as an admission that arguments supporting the motions have merit (Doc. No. 47). Correspondence received from the Illinois Department of Corrections reflects that plaintiff was recently released from confinement (Doc. No. 50). His current address is unknown.

Plaintiff is proceeding against defendants Powers, Caliper, Qualls, Melton, Hill, and Wexford Health Services on claims pertaining to his former prison confinement at Tamms Correctional Center. He asserts a § 1983 claim of deliberate indifference to medical needs (Count 1) and a state law claim of medical malpractice (Count 2).

In their motion for summary judgment, defendants Powers, Qualls, Melton, Hill, and Wexford Health Sources target Count 1. They argue that the evidence could not support the objective element of this claim because the evidence does not show that he suffered from a serious medical need or faced a substantial risk of harm (Doc. No. 41).

In their motion to dismiss, defendants Powers, Qualls, Melton, and Wexford Health Sources target Count 2. Dismissal with prejudice is requested under Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on plaintiff's failure to attach an signed affidavit and report of merit from a physician (Doc. No. 36).

In her motion for summary judgment, defendant Caliper also targets Count 1. She argues that the evidence could not support a finding that she was deliberately indifferent to plaintiff's serious medical needs and asserts the affirmative defense of qualified immunity. She further maintains that any official capacity suit must fail (Doc. No. 45).

The absence of any response is construed as an admission that the arguments outlined above have merit.

IT IS RECOMMENDED that defendants' motions (Doc. Nos. 36, 41, 45 ) be GRANTED. Judgment should be entered in favor of defendants Powers, Qualls, Melton, Hill, Wexford Health Sources, and Caliper on Count 1. Count 2 should be dismissed with prejudice for failure to state a claim for relief. If these recommendations are adopted, no claims will remain for decision.

**SUBMITTED:**   June 6, 2008 .

                                            *s/Philip M. Frazier*
                                            **PHILIP M. FRAZIER**
                                            **UNITED STATES MAGISTRATE JUDGE**